UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Case No. 17-69-S |
| EVAN SPECK,<br>　　　　Defendant. | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

WHEREAS, on July 28, 2017, an Information was filed in the District of Rhode Island, charging the Defendant, Evan Speck, with Possession with Intent to Distribute Steroids in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(E) (Count One); Distribution of a Misbranded Drug in violation of 21 U.S.C. §§ 331(a) and 333(a)(2) (Count Two); and Money Laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Count Three);

WHEREAS, the Information contained a Criminal Forfeiture Allegation, pursuant to 21 U.S.C. § 853, which provided notice that the United States would seek forfeiture upon conviction of the Defendant of the offense alleged in Count One of the Information, of all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violation 21 U.S.C. § 841, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violations, including but not limited to the following:

　　a.　　a money judgment equal to the total amount of money used in the offense charged in Count One;

WHEREAS, the Criminal Forfeiture Allegation of the Information also provided

1

notice that the United States would seek forfeiture upon conviction of the Defendant of the offense alleged in Count One of the Information, of all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violation 21 U.S.C. § 841 used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violation;

WHEREAS, the property to be forfeited included, but was not limited to, the following:

    a. a forfeiture money judgment in the amount of $536,000 (hereinafter the "Forfeitable Property");

WHEREAS, the Criminal Forfeiture Allegation in the Information also provided notice that, in the event that any of the above-described forfeitable property, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred or sold to, or deposited with, a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the Defendant, up to the value of the forfeitable property;

WHEREAS, on August 18, 2017, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a written plea agreement signed by the Defendant on July

27, 2017, and filed with the Court on July 28, 2017. The Court accepted Defendant's guilty plea on August 18, 2017;

WHEREAS, in the Defendant's written plea agreement, the Defendant consented to the entry of a forfeiture money judgment in the amount of $536,000;

WHEREAS, the Defendant consented to the Order of Forfeiture (Money Judgment) on the basis that $536,000 constituted, or was derived from, proceeds of the Defendant's offenses and therefore, the Defendant agreed to consent to the entry of an order of forfeiture for such property;

WHEREAS, based on the Defendant's admissions in the written plea agreement and his guilty plea on August 18, 2017, the United States is entitled to an Order of Forfeiture (Money Judgment) consisting of a personal money judgment against the Defendant, in the amount of $536,000, pursuant to 21 U.S.C. § 853 (as incorporated by 28 U.S.C. § 2461(c)); and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

**ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:**

1. The Defendant shall forfeit to the United States the sum of $536,000, pursuant to 21 U.S.C. § 853 (as incorporated by 28 U.S.C. § 2461(c)).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing

this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to include substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

Ordered this 29th day of November, 2017.

ENTER:

_____
CHIEF JUDGE WILLIAM E. SMITH
UNITED STATES DISTRICT COURT